# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**SHIRLEY CURD and DAVID BRENNAN**                                    **PLAINTIFFS**

**VS.**                              **4:16-CV-00632-BRW**

**CITY OF SEARCY ARKANSAS**                                            **DEFENDANT**

## ORDER

Pending are Plaintiffs' second Motion for Summary Judgment (Doc. No. 42), Defendant's Motion for Extension of Time to Respond (Doc. No. 45), and Plaintiffs' Motion to Compel Initial Disclosures (Doc. No. 47). For the reasons set out below, this case is DISMISSED without prejudice and all pending motions are DENIED as MOOT.

## I. BACKGROUND

Plaintiffs assert that Defendants have "an institutionalized unjustified animosity and impermissible grudge toward Plaintiffs and their family" which affects how Defendants have been interpreting and enforcing zoning laws.[1] Plaintiffs, whose property is currently used as a mobile home park, want to replace "aging and increasingly dilapidated mobile homes" with "two-story storage sheds" that tenants can live in.[2] Defendant denied Plaintiffs' request based on local zoning codes. According to Plaintiffs, Defendant's actions -- refusing to issue building permits and zoning code enforcement -- are based on a grudge stemming from two lawsuits their father/grandfather brought against the city (and lost) in the 1990s. Additionally, Plaintiffs allege that this ongoing dispute with Defendant has resulted in numerous constitutional violations, such as unreasonable seizure and seizures, violations of due process, and unlawful arrests.

---

[1]Doc. No. 7.

[2]Doc. No. 1.

1

For relief, Plaintiffs seek (1) "a determination that the subject property was a mixed-use development/subdivision at the time of annexation, has been treated as such by the city since annexation, and is entitled to continue as a legal nonconforming use . . ."; (2) "a determination that the seven new units . . . are mobile homes under the city's definition"; (3) an order directing Defendant to issue constructions permits to Plaintiffs and "to honor all previous representations made to Plaintiffs regarding such constructions"; and $42,000,000 in compensatory and punitive damages.[3]

## II. DISCUSSION

The *Younger v. Harris* doctrine must be considered in this case.[4] The *Younger* doctrine provides that "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions."[5] When these factors are present, "principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief."[6]

All three factors are present here. First, there is an ongoing state proceeding – in fact, there are numerous ongoing state proceedings in White County Circuit and Criminal Courts.[7] All of the

---

[3]Doc. No. 1.

[4]*Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 676 (8th Cir. 2013) (affirming dismissal where the district court abstained sua sponte under the *Younger* doctrine).

[5]*Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012).

[6]*Id.*

[7]*City of Searcy v. David Brennan*, 73CV-16-671 (White County, Ark. Circuit Court, filed Dec. 29, 2016 -- request for injunction to stop work on the property and to allow inspections); *State v. David Brennan*, SEC-16-2026 (White County, Ark. Criminal Court filed June 30, 2016 --allegations of conducting work without a permit); *State v. David Brennan*, SEC-16-2027 (White County, Ark. Criminal Court filed June 30, 2016 -- alleged violation of zoning ordinance); *State*

2

cases overlap with the issues raised in this case. Second, an important state interest is involved -- "it is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest."[8] Third, there is adequate opportunity for Plaintiffs to raise the same federal questions in state court. In fact, Plaintiffs filed a counterclaim in state court making allegations identical to those made in this case.

The fact that this case was filed before the state civil-enforcement action is irrelevant. This case was filed on August 31, 2016, and all of the contested criminal cases were filed before then. Second, no significant progress has occurred in this case. Plaintiffs filed this case in August 2016, and filed a motion to dismiss in December 2016, which was denied as premature. In February 2017, the parties requested a settlement conference and in March 2017 Plaintiff Shirley Curd filed a bankruptcy petition that stayed this case. The stay was lifted in July and a settlement conference was held. In November, Plaintiffs filed a second motion for summary judgment complaining that Defendants had conducted no discovery. Just last week, Plaintiffs filed a Motion to Compel Initial Disclosure, complaining that Defendants had not provided initial disclosures as required. In sum, nothing of substance has happened in this case, a fact that is supported by Plaintiffs' recent filings.

---

*v. David Brennan*, SEC-16-1897 (White County, Ark. Criminal Court filed June 22, 2016 -- alleged work without permits and violation of zoning ordinance); *State v. David Brennan*, SEC-16-1845 (White County, Ark. Criminal Court filed June 20, 2016 -- alleged clearance of land and weeds with elimination of mosquito breeding places);*State v. Shirley Curd*, SEC-16-2024 (White County, Ark. Criminal Court filed June 30, 2016 – allegations of inspection/building permit); *State v. Shirley Curd*, SEC-16-2025 (White County, Ark. Criminal Court filed June 30, 2016 -- alleged violation of zoning ordinance); *State v. Shirley Curd*, SEC-16-1898 (White County, Ark. Criminal Court filed June 22, 2016 -- alleged violation of zoning ordinance and work without permits); and *State v. Shirley Curd*, SEC-16-1765 (White County, Ark. Criminal Court filed June 20, 2016 -- alleged clearance of land and weeds with elimination of mosquito breeding places).

[8]*Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998).

## CONCLUSION

Because there is lack of substantial progress in this case as well as the fact that all the *Younger* doctrine factors have been met, this case is DISMISSED without prejudice. All pending motions (Doc. Nos.42, 45, 47) are DENIED as MOOT.

IT IS SO ORDERED this 20th day of December, 2017.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE